UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JASON HILLIARD | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| AMERICAN CRUISE LINES, INC. | * | JUDGE |
| | * | |
| | * | MAGISTRATE |

*************************************************************************

**COMPLAINT FOR DAMAGES UNDER THE JONES ACT, ETC.**

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

1.

The Complaint for Damages of JASON HILLIARD, a person of majority age, respectfully represents:

2.

Made Defendant herein is AMERICAN CRUISE LINES, INC. a corporation qualified to do and doing business in the State and judicial district at all times.

3.

On or about July 18, 2016, Defendant, AMERICAN CRUISE LINES, INC., owned, operated, and controlled the M/V QUEEN OF THE MISSISSIPPI, a river boat in navigation, and employed Plaintiff, JASON HILLIARD, as a seaman crew member and sous chef on said vessel, for which job he earned average annual earnings of approximately $45,000, plus found and fringe benefits.

4.

On or about July 18, 2016, while the M/V QUEEN OF THE MISSISSIPPI was in navigable waters, Plaintiff sustained severe, painful, and disabling injuries to back, neck, left shoulder and arm, and other parts of his body as a result of the negligence of Defendant, AMERICAN CRUISE LINES, INC., and the unseaworthiness of the M/V QUEEN OF THE MISSISSIPPI. Plaintiff was injured when he slipped and fell on grease and water in the galley. Defendant failed to properly dispose of grease, which had been left to collect in buckets near Plaintiff's work station.

5.

By reason of the foregoing, Plaintiff has suffered past and future physical and mental pain and suffering, permanent physical scarring and disability and loss of wages and wage earning capacity, for which Plaintiff seeks and is entitled to recover from Defendant, compensatory damages, plus found and fringe benefits.

6.

This Honorable Court has jurisdiction over this first cause of action against the aforesaid Defendant pursuant to the Jones Act, 46 U.S.C. §30104, et seq.

**AND FOR A SECOND CAUSE OF ACTION**

7.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

8.

As a result of the shipboard injuries described herein which manifested themselves while Plaintiff was in the service of the M/V QUEEN OF THE MISSISSIPPI, Plaintiff has sought

reasonable and necessary medical treatment, and is entitled to maintenance at a rate of $62.30 per day until he reaches maximum medical care according to his treating physician.

9.

The Defendant is aware of Plaintiff's need for medical care for the injury caused by and manifested while Plaintiff was in the service of its vessel, which treatment Plaintiff continues to need, wants and intends to undergo and has also requested that Defendant authorize and pay for his prescribed medical treatment.

10.

Despite Plaintiff's request, the Defendant has arbitrarily, capriciously and without legal cause, failed and/or refused to investigate Plaintiff's claim of entitlement to cure and to authorize and pay for his necessary medical treatment and provide maintenance payments of $62.30 per day.

11.

As a result of Defendant's willful and arbitrary failure to investigate Plaintiff's cure claim, provide prescribed medical treatment for Plaintiff's injuries and pay legally adequate maintenance benefits, Plaintiff's physical and mental pain and suffering have been aggravated and intensified and his recovery has been prolonged, delayed and impaired.

12.

By reason of the foregoing, Plaintiff seeks, and is entitled to recover from Defendant, all expenses associated with necessary reasonable medical care from July 18, 2016 until he reaches maximum medical cure according to his treating physician, and payment of maintenance at $62.30 per day retroactive to July 18, 2016, the date Plaintiff was rendered unfit for shipboard duty as a result of the incident.

13.

By reason of the foregoing, Plaintiff is further entitled to recover punitive damages for Defendant's willful refusal to honor its maintenance and cure obligation in an amount to be determined by this Honorable Court, plus reasonable attorney's fees in an amount to be set by this Court because Plaintiff had to retain counsel to pursue this cause of action.

14.

This Honorable Court has jurisdiction over this second cause of action against the aforesaid Defendants pursuant to the Jones Act, 46 U.S.C. §30104, et seq.

**WHEREFORE**, Plaintiff, JASON HILLIARD, prays for judgment in his favor and against Defendant, AMERICAN CRUISE LINES, INC., for compensatory damages in an amount reasonable under the circumstances of this cause, maintenance and cure from the date of the incident in suit until Plaintiff reaches maximum medical care, punitive damages and reasonable attorneys' fees incurred in prosecution of his maintenance and cure cause of action, and for all taxable costs and interest as allowed by law, and for any additional general and equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Paul M. Sterbcow
Paul M. Sterbcow (LSB No. 17817)
Beth E. Abramson (LSB No. 27350)
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504)588-1500
Fax: (504)588-1514
Email: sterbcow@lksalaw.com
Email: babramson@lksalaw.com

OF COUNSEL
Matthew D. Shaffer, Esq.
Texas Bar #18085600
Schechter, McElwee, Shaffer, & Harris, L.L.P.
3200 Travis, 3rd Floor
Houston, Texas 77006-3636
Telephone: (713) 524-3500
Facsimile: (713) 751-0412
Email: mshaffer@smslegal.com

**PLEASE SERVE:**

**AMERICAN CRUISE LINES, INC.**
Through its registered agent:
National Corporate Research, Ltd.
3867 Plaza Tower Drive, 1st Floor
Baton Rouge, Louisiana 70816